# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID ARREDONDO,
        Petitioner,

v.                                 Case No. 05C0559

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,
        Respondent.

## ORDER

On May 20, 2005, David Arredondo filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first degree intentional homicide and second degree sexual assault. He was sentenced to life in prison without the possibility of parole on the first degree intentional homicide count and a 20 year consecutive term of imprisonment on the count of second degree sexual assault. He is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

First, petitioner claims that the trial court deprived him of his right to testify by wrongly concluding that he had waived his right to testify. This is clearly a constitutional ground for habeas relief. See Ferguson v. Georgia, 365 U.S. 570, 602 (1961) (Clark, J., concurring) (the Fourteenth Amendment secures "right of a criminal defendant to choose between silence and testifying in his own behalf"). Second, petitioner alleges that trial counsel provided deficient performance. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Finally, he argues that his due process rights were violated when the sentencing court, without clear and convincing evidence, stated its "disagreement" with the defendant's earlier sexual assault jury trial acquittal and then relied on this disagreement to enhance the prosecutor's life sentence recommendation to life without parole. The violation of due process rights is also a constitutional ground for habeas relief. Thus, petitioner has presented colorable constitutional issues.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief

in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent William Pollard and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2005.

/s_____
LYNN ADELMAN
District Judge