# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID ARREDONDO,**
        **Petitioner,**

    v.                                            **Case No. 05-C-559**

**WILLIAM POLLARD,**
        **Respondent.**

## ORDER

      I denied petitioner David Arredondo's petition for a writ of habeas corpus on May 25, 2007. Thereafter, petitioner appealed to the Seventh Circuit Court of Appeals. On January 10, 2008, respondent filed a motion for retroactive permission to transfer petitioner to another institution pursuant to Fed. R. App. P. 23, which states that:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.

Apparently, Wisconsin Department of Corrections ("DOC") officials transferred petitioner to a different facility on September 21, 2007 without informing the state attorney general's office so that such office could file a timely motion to transfer petitioner.[1]

      Because respondent has produced evidence showing that petitioner was transferred for safety and programming reasons, there is no indication that the transfer was "arbitrary,

---

[1] I note that this is not the first time that I have decided a retroactive motion to transfer a habeas petitioner. See Wagner v. Deppisch, No. 06-C-187 (E.D. Wis. April 6, 2007). The DOC may need to develop a procedure to ensure that the state attorney general's office is aware of proposed transfers before they are effectuated.

capricious, or an abuse of discretion," <u>Ward v. United States Parole Com.</u>, 804 F.2d 64, 67 (7th Cir. 1986), and petitioner does not oppose respondent's motion, I will grant the motion.

**For the reasons stated,**

**IT IS ORDERED** that respondent's motion for retroactive permission to transfer is **GRANTED**. Pursuant to Fed. R. App. P. 23(a), respondent is authorized to transfer petitioner Arredondo to the Wisconsin Secure Program Facility in Boscobel, Wisconsin.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. App. P. 43, the clerk shall substitute Peter Huibregtse as the proper respondent in this matter.

Dated at Milwaukee, Wisconsin, this 28 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge